## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | | |
|---|---|---|
| A AVENTURA CHIROPRACTIC CENTER, INC., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| JAMES RIVER INSURANCE COMPANY and MED WASTE MANAGEMENT, LLC, a New York limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY RELIEF

Now comes plaintiff A Aventura Chiropractic Center, Inc. ("A Aventura" or "Plaintiff")

and seeks a declaration that the insurance policy issued by Defendant James River Insurance

Company ("James River") to Med Waste Management, LLC ("Med Waste") obligates James

River to defend and indemnify Med Waste in the lawsuit brought by A Aventura and the class it

represents against Med Waste.  In support, A Aventura alleges as follows:

### NATURE OF ACTION

1.      This is an action for declaratory relief.

2.      A Aventura seeks a declaration by this Court concerning the rights and

obligations under the insurance policies issued by James River to Med Waste.

### PARTIES

3.      Plaintiff is a Florida corporation with principal place of business in Florida.

4.      On information and belief, James River is a Virginia insurance company with its

principal place of business in Virginia.

1

5.      Med Waste is a New York limited liability company with principal place of business in New York

## JURISDICTION AND VENUE

6.      Jurisdiction is proper pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Moreover, A Aventura is the representative of a certified class who settled the underlying action with Med Waste for a total of $10,000,000.00.  Therefore, 28 U.S.C. §1332(d) applies.

7.      Venue is proper in this Court because the Underlying Action took place in this Court and therefore a substantial part of the events giving rise to this action occurred in this judicial district.

## THE UNDERLYING ACTION

8.      On May 4, 2012, A Aventura filed a civil class action in this Court captioned *A Aventura Chiropractic Center, Inc. v. Med Waste Management, LLC*, Case No. 1:12-CV-21695 (the "Underlying Action").  The operative pleading in the Underlying Action is the Second Amended Complaint (the "Underlying Complaint").  The Underlying Complaint is attached as Exhibit A.

9.      In the Underlying Action, A Aventura seeks relief on behalf of itself and a class of similarly situated plaintiffs who also received unsolicited facsimiles from Med Waste.

10.      The Underlying Complaint alleged that Med Waste violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and common law conversion by sending unsolicited facsimiles to Plaintiff and at least 50 others.

11.      The Underlying Complaint alleged that Med Waste knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for

Med Waste or anybody else to fax advertisements about Med Waste's goods or services, (b) that

Plaintiff and the other class members did not have an established business relationship, and (c)

that the fax is an advertisement.

12.     The Underlying Complaint further alleges that Med Waste knew or should have

known that its misappropriation of paper, toner, and employee time was wrongful and without

authorization.

13.     The Underlying Complaint further alleges that Med Waste was liable to Plaintiff

even if its actions were only negligent.

14.     Med Waste tendered the defense of the Underlying Action to James River, and

James River declined the tender and disclaimed coverage.  James River's denial correspondence

is attached as Exhibit B.

15.     On July 3, 2013, the Court certified the following class in the Underlying Action:

"All persons who were sent one or more facsimiles in May 2010 from 'Med Waste Management'

with the phone number '888-431-6386' and offering 'Guaranteed 20% Savings.'"  The class

certification order is attached as Exhibit C.

16.     On October 1, 2013, Plaintiff and Med Waste reached a classwide settlement to

resolve the Underlying Action.

### Med Waste's James River Policies

17.     Upon information and belief, James River issued insurance policies that provided

liability coverage to Med Waste (the "Policies").  Upon information and belief, one such policy

is numbered 00041766-0 and covers the period from January 13, 2010 through January 13, 2011

(the "Policy").  The Policy is attached as Exhibit D.

3

18.     To the extent that discovery in this action establishes that there are additional

policies, or that there are different, or additional, terms in the Policies, Plaintiff reserves the right

to amend its Complaint to reflect the new information or evidence.

## COVERAGE FOR THE CLAIMS IN THE UNDERLYING ACTION

19.     Upon information and belief, the Policies offer coverage for damages because of

"property damage" and "advertising injury."  The "property damage" coverage includes both

coverage under the policy's general aggregate limits and "products-completed operations"

coverage, which has a separate policy limit.

**I.     Property Damage (Including Products-Completed)**

20.     Upon information and belief, the Policies offer coverage to Med Waste for its

liability for property damage "caused by an 'occurrence' that takes place in the 'coverage

territory'" during the policy period.

21.     Upon information and belief, the Policies define property damage as "a. Physical

injury to or destruction of tangible property, including all resulting use of that property. … or b.

Loss of use of tangible property that is not physically injured. …"

22.     Upon information and belief, the Policies define "occurrence" as "an accident,

including continuous or repeated exposure to substantially the same harmful conditions."

23.     Upon information and belief, the Policies define "coverage territory" as including

"a. The United States of America…"

24.     Plaintiff and the other members of the class received unsolicited facsimiles from

Med Waste during the policy periods of the Policies.

25.     The unsolicited facsimiles were sent by Med Waste and received by Plaintiff and

the other putative class members within the United States.

26.     The unsolicited facsimiles Plaintiff and the other putative class members received physically injured their personal property, including but not limited to fax toner and paper.

27.     The unsolicited facsimiles Plaintiff and the other putative class members received caused them to lose the use of their personal property, including but not limited to the use of their fax machines during the fax transmissions.

28.     To the extent not sent with a specific intent to wrongfully take possession of Plaintiff's and other class members' property, or to violate the TCPA, the unsolicited facsimiles meet the policy definition of "accident"—which, on information and belief, the Policies do not define.

29.     Upon information and belief, the Policies offer coverage to Med Waste for its liability for property damage both included and not included within the "products-completed operations hazard."

30.     Upon information and belief, the Policies define "products-completed operations hazard" as including all "'property damage' arising out of 'your product' or 'your work' except products that are still in your physical possession or work that has not yet been completed or abandoned.  The…'property damage' must occur away from premises you own or rent…."

31.     Upon information and belief, the Policies define "your product" as "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by (a) you; [or] (b) others trading under your name...."

32.     Upon information and belief, the Policies' definition of "your product" explicitly "[i]ncludes: (1) [w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of" "your product."

33.     Upon information and belief, the Policies define "your work" as "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations."

34.     Upon information and belief, the Policies' definition of "your work" explicitly "[i]ncludes: (1) [w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of" "your work."

35.     The property damage caused by Med Waste's unsolicited facsimiles occurred at the premises of Plaintiff and the other class members.

36.     The unsolicited facsimiles were goods distributed by Med Waste or someone acting in Med Waste's name.

37.     Med Waste's fax program was part of its operations and was undertaken by Med Waste or on its behalf.

38.     The unsolicited facsimiles were materials furnished in connection with Med Waste's operations.

39.     The unsolicited facsimiles contained representations made about fitness, quality, durability, and/or performance of Med Waste's goods.

40.     Therefore, property damage caused by the unsolicited facsimiles is covered under the Policies' products-completed operations hazard.

## II.     Advertising Injury

41.     Upon information and belief, the Policies offer coverage to Med Waste for its liability for advertising injury "caused by an 'occurrence' committed in the 'coverage territory' during the policy period" that was "committed in the course of advertising your goods, products or services."

42.     Plaintiff repeats and realleges the allegations contained in Paragraphs 21-23.

43.     Upon information and belief, the Policies define "occurrence" in the context of "advertising injury" as "the commission of an offense, or a series of similar or related offenses, which results in…'advertising injury.'"

44.     Upon information and belief, the Policies define "advertising injury" as including "injury ... arising out of … [o]ral or written publication of material that violates a person's right of privacy."

45.     Med Waste's transmission of unsolicited facsimiles arose out of its business.

46.     Med Waste's transmission of unwanted unsolicited facsimiles to Plaintiff and the other putative class members constitutes the publication of material that violates Plaintiff's and the other putative class members' right of privacy.

47.     The contentions of A Aventura in Paragraph 44 are, on information and belief, denied by James River who, in turn, contends that Med Waste is not entitled to defense or indemnity under the Policies in the Underlying Action.  A Aventura, in turn, denies the contrary contentions of James River and each of them.

46.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or Order of this Court. This Court has the power to declare and adjudicate the rights and liabilities of the parties.

WHEREFORE, Plaintiff, A AVENTURA CHIROPRACTIC CENTER, INC., individually and as the representative of a certified class, prays that this Court enter an order as follows:

A)     Declaring that the Policies required James River to defend Med Waste in the Underlying Action;

7

B)     Declaring that the Policies require James River to indemnify Med Waste for a

judgment entered against it in the Underlying Action; and

C)     Awarding A Aventura, individually and on behalf of the class, its costs and such

further relief as the Court deems appropriate.

By:   /s  Ryan M. Kelly
        Ryan M. Kelly  Florida Bar  No.90110

ANDERSON + WANCA
Ryan M. Kelly
Brian J. Wanca (*of counsel*)
David M. Oppenheim (*of counsel*)
Jeffrey A. Berman (*of counsel*)
3701 Algonquin Rd., Suite 760
Rolling Meadows, IL 60008
(847) 436-0598 (phone)
(847) 368-1501 (fax)